# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| DERRICK LOVELY | CIVIL ACTION NO. 6:19-0145 |
| VERSUS | JUDGE JUNEAU |
| BLAISE SMITH | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Dismiss Pursuant to FRCP 12(b)(6) [Doc. 16] filed by the defendant, Blaise Smith, in his official capacity as the Sheriff of St. Mary Parish. The motion is opposed by plaintiff, Derrick Lovely [Doc. 18], and the defendant filed a Reply brief [Doc. 21]. Because the undersigned concludes that the plaintiff's claims are prescribed, IT IS RECOMMENDED that the motion to dismiss be GRANTED.

The instant lawsuit arises out of a traffic stop on February 1, 2018. The plaintiff alleges that on that date, he was pulled over by St. Mary Parish Sheriff's deputies. The plaintiff alleges that during the traffic stop, deputies broke his car window, pulled him through the window, and used excessive force upon him. The plaintiff filed suit in this Court on February 4, 2019, alleging violations of his Fourth Amendment and Eighth Amendment right to be from excessive force.

1

The defendant filed the instant motion to dismiss on July 29, 2019. In his motion, the defendant denies the plaintiff's allegations but argues their veracity is irrelevant to the instant motion, on grounds the plaintiff's claims are prescribed; the plaintiff fails to adduce sufficient facts to state a claim for relief against this defendant; and the plaintiff's Eighth Amendment claim fails as a matter of law. The matters are now ripe for review.

**I.     Motion To Dismiss Standard**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

    **II.    Analysis**

        **A.    Prescription**

The defendant argues the plaintiff's claims are prescribed and must be dismissed. The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal

law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983). The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by Article 3492 of the Louisiana Civil Code in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

In the instant case, the plaintiff alleges that the incidents sued upon occurred on February 1, 2018. The plaintiff did not file suit, however, until February 4, 2019, more than one year later. The plaintiff responds that he was unable to file his petition on February 1, 2019, because his former counsel "was suffering from a computer problem that could not be resolved." According to current counsel for the plaintiff, plaintiff's former counsel attempted to gain access to the court's online filing system through CM/ECF on February 1, 2019, but could not do so for unexplained reasons. At that point, plaintiff's former counsel "resolved to mail the petition to the court." Plaintiff argues that this "unfortunate situation" mandates equitable tolling of the statute of limitations in this matter.

Plaintiff is correct that the circumstances surrounding the filing of his complaint are unfortunate, but the jurisprudence is clear that computer problems are not grounds for equitable tolling of a prescriptive period, particularly when encountered on the last day to file. *See Johnson v. Quarterman,* 483 F.3d 278, 287 (5th Cir.), *cert. denied,* 552 U.S. 1064 (2007) (declining to find equitable tolling where the petitioner's attorney waited until the last possible day and then experienced computer problems which prevented timely filing); *Schmitt v. Zeller,* 354 Fed. Appx. 950, 951 (5th Cir.2009) ("We have recognized that a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry").

Considering the foregoing, the undersigned finds that the plaintiff's claims are prescribed, he is not entitled to equitable tolling, and the plaintiff's claims should be dismissed with prejudice.

### B. Official capacity claims

The plaintiff sues the defendant in his official capacity as the Sheriff of St. Mary Parish. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). However, "[u]nder section 1983, supervisory officials are not liable for the actions of subordinates on any theory of

vicarious liability." *Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir.1987). As the Fifth Circuit has explained:

> In order to hold a municipality or local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue, or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura*, 76 Fed. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 Fed. App'x 315, 316 (5th Cir. 2003).

Here, the plaintiff has not identified any policy or custom that violated his constitutional rights. Therefore, no official capacity claim has been properly stated against the sheriff, and the claims against him should be dismissed.[1]

---

[1] The plaintiff does not oppose the dismissal of his 8th Amendment claim. In any event, the undersigned finds that such a claim fails as a matter of law. The 8th Amendment's prohibition against cruel and unusual punishment is inapplicable, where, as here, the detention of the plaintiff did not directly result from the conviction of a crime. *See, e.g., Edwards v. Johnson*, 209 F.3d

## CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss Pursuant to FRCP 12(b)(6) [Doc. 16] filed by the defendant, Blaise Smith be GRANTED, and that all claims against Mr. Smith be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

---

772, 778 (5th Cir. 2000); *Ortega v. Rowe*, 796 F.2d 765, 767 (5th Cir. 1986), *cert. denied*, 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495.

**THUS DONE AND SIGNED** this 25th day of November, 2019 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE